**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

KEVIN ISMAEL SANCHEZ MADRIGAL (A No. 221-172-770),

Petitioner,

v.

ANDREWS, et al.,

Respondents.

Case No. 1:26-cv-05150-JLT-EPG

ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; DENYING MOTION TO APPOINT COUNSEL; ORDERING PETITIONER'S IMMEDIATE RELEASE; AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE

(Docs. 1, 2, 3)

## I. INTRODUCTION

Before the Court is Kevin Ismael Sanchez Madrigal's request for a temporary restraining order (Doc. 3), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting only that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), a legal position that this Court has rejected repeatedly. (Doc. 8.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.[1]

---

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing on the motion, and whether the parties sought additional briefing on the merits of the habeas petition. (Doc. 6.) Respondents do not request a hearing or

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 17–18.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## III. BACKGROUND

Petitioner is an eighteen-year-old citizen of Mexico who entered the United States on or around September 23, 2024, as a minor seeking asylum. (Doc. 1 at 6; Doc. 8-1 at 2.) At that time, Petitioner was encountered by U.S. Customs and Border Protection ("CBP"), "[a]rrested as an unaccompanied juvenile," and "subsequently released to a sponsor," however the Department of Homeland Security ("DHS") failed to issue a Notice to Appear at that time. (Doc. 8-1 at 2.) Specifically, on October 12, 2024, Petitioner was released by the U.S. Department of Health and Human Services ("HHS") Office of Refugee Resettlement to a sponsor pursuant to section 235

---

additional briefing and ask this Court to "rule on the petition in its entirety." (Doc. 8 at 1.) Considering this and given that Respondents had notice and opportunity to respond, the Court decides this case on the underlying habeas petition.

of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008. (*See* Doc. 8-1 at 9.)

On May 30, 2026, Petitioner was stopped by local police for alleged speeding and after producing only a Mexican National ID Card, local police contacted ICE. (Doc. 8-1 at 2.) ICE subsequently issued an administrative warrant for Petitioner's arrest, issued a Notice to Appear charging Petitioner as removable under INA § 212(a)(6)(A)(i), and transferred Petitioner to the Golden State Annex Detention Facility where he remains. (*Id*. at 2–3, 4, 5–8; Doc. 1 at 3.) Apart from this traffic stop, Petitioner has no criminal history and indicates he works in the United States to provide for his family back in Mexico. (Doc. 1 at 6; Doc. 8-1 at 2.) Petitioner is not yet subject to a final order of removal.[2] (*See* Doc. 8-1 at 5.)

## IV. DISCUSSION

The government filed an opposition to the petition and motion for temporary restraining order, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b). (Doc. 8.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due

---

[2] Upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that the case is pending with no order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited July 15, 2026).

Process Clause of the Fifth Amendment.[3]

For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY.**

2. The motion for temporary restraining order (Doc. 3) is **DENIED** as **MOOT**.

3. The motion for appointment of counsel (Doc. 2) is **DENIED**.[4]

4. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[5];

5. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California with a copy of this Order.

---

[3] The William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 provides that, in making custody determinations, HHS should consider "danger to self, danger to the community, and risk of flight." 8 U.S.C. § 1232(c)(2)(A). In releasing Petitioner on or around October 12, 2024, HHS must have determined that he was neither a flight risk nor a danger to the community. (*See* Doc. 8-1 at 9); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176, 1178 (N.D. Cal. 2017) ("[Immigration officials] may release the minor to a 'sponsor' . . . so long as the minor is not dangerous. . . . Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk."), *aff'd* 905 F.3d 1137 (9th Cir. 2018). The TVPRA statutes further contemplate using the "least restrictive setting" regarding placement for minors in HHS custody and placement for minors in DHS custody after turning 18 years old. *See* 8 U.S.C. § 1232(c)(2)(A)–(B). Although neither Petitioner nor Respondents cite the TVPRA as an avenue of relief, the Court adopts is reasoning in *Cornejo v. Andrews, et al.*, 823 F. Supp. 3d 1085 (E.D. Cal. Jan. 29, 2026) and finds that Petitioner has a protected liberty interest on this ground as well. Respondents' failure to provide a pre-deprivation hearing prior to Petitioner's arrest constitutes a due process violation.

[4] Petitioner asks this Court to appoint counsel in his habeas action. (Doc. 2.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." Because the Court **GRANTS** the habeas petition and orders Petitioner's immediate release, the interests of justice do not require appointment of counsel.

[5] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

6. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED

Dated: July 16, 2026

JENNIFER L. THURSTON
U.S. District Judge